LEE LITIGATION GROUP, PLLC
C.K. Lee, Esq.
Anne Seelig, Esq.
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

VICTOR GONZALEZ TAVERA,
*on behalf of himself, FLSA Collective*
*Plaintiffs and the Class*,

        Plaintiff,

        v.

18 GREENWICH AVENUE, LLC
    d/b/a ROSEMARY'S,
BOBO RESTAURANT LLC
    d/b/a BOBO,
24 5TH AVE LLC
    d/b/a CLAUDETTE
and CARLOS SUAREZ,

        Defendants.

---

Index No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff, VICTOR GONZALEZ TAVERA ("Plaintiff"), on behalf of himself and others

similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective

Action Complaint against Defendants, 18 GREENWICH AVENUE, LLC d/b/a ROSEMARY'S,

BOBO RESTAURANT LLC d/b/a BOBO, and 24 5TH AVE LLC d/b/a CLAUDETTE (the

"Corporate Defendants"), CARLOS SUAREZ and CINDY SUAREZ (the "Individual Defendants,"

and collectively with the Corporate Defendants, the "Defendants") and states as follows:

**INTRODUCTION**

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) compensation for unpaid off-the-clock work, including unpaid overtime premium, due to time shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, including those resulting from Defendants' unlawful deduction of a tip credit, (2) compensation for unpaid off-the-clock work, including unpaid overtime premium, due to time shaving, (3) unpaid spread of hours premium (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

2.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

3.      Plaintiff, VICTOR GONZALEZ TAVERA, for all relevant time periods, was a resident of New York County, New York.

4.      Defendants operate a restaurant enterprise using the following trade names at the following locations:

      a.      18 Greenwich Ave., New York, NY 10011 ("Rosemary's");

      b.      181 West 10th St., New York, NY 10014 ("Bobo"); and

      c.      24 Fifth Avenue New York, New York 10011 ("Claudette").

5.      Corporate Defendant 18 GREENWICH AVENUE, LLC d/b/a ROSEMARY'S is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 18 Greenwich Ave., New York, NY 10011.

6.      Corporate Defendant BOBO RESTAURANT LLC d/b/a BOBO is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 181 West 10th St., New York, NY 10014.

7.      Corporate Defendant 24 5TH AVE LLC d/b/a CLAUDETTE is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 24 Fifth Avenue New York, New York 10011 and an address for service of process located at c/o OZANEAUX LTD, 515 West 20th St., Unit 5E., New York, NY 10011.

8.      Individual Defendant CARLOS SUAREZ is the owner of Corporate Defendants. CARLOS SUAREZ exercised control over the employment terms and conditions of Plaintiff and Class members. CARLOS SUAREZ had and exercised the power and authority to (and also delegates to managers and supervisors the power to) fire and hire, determine rate and method of pay, determine work schedules, and otherwise affect the quality of employment of Plaintiff and Class members. CARLOS SUAREZ exercised functional control over the business and financial operations of Corporate Defendant. CARLOS SUAREZ ensured that employees properly prepare food and effectively serve customers and ensured that the business is operating efficiently and profitably.

10.     At all relevant times, Corporate Defendants were and continue to be "enterprise engaged in commerce" within the meaning of the FLSA.

11.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

3

12.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the New York Labor Law §§ 2 and 651.

13.     At all relevant times, Plaintiff was Defendants' employees within the meaning of the New York Labor Law §§ 2 and 651.

14.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to waiters, busboys, runners, servers, food preparers, dishwashers, bartenders and bar-backs employed by Defendants on or after the date that is six years before the filing of the Complaint ("FLSA Collective Plaintiffs").

16.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium at one and one half times their straight time base hourly rates for each hour worked in excess of forty (40) per workweek due to a policy of time shaving. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including but not limited to waiters, busboys, runners, servers, food preparers, dishwashers, bartenders, delivery persons and bar-backs employed by Defendants on or after the date that is six years before the filing of the Complaint (the "Class Period").

19.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of waiters, servers, runners, delivery persons and busboys ("Tipped Subclass") who also number more than forty (40).  Plaintiff is a member of both the Class and the Tipped Subclass.

21.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, including (i) failing to pay wages for all hours, including overtime premium, due

to a policy of time shaving, (ii) failing to pay the appropriate minimum wage due to an invalid tip credit deduction, (iii) failing to pay spread of hours (iv) failing to provide wage statements in compliance with the New York Labor Law, and (v) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures. With respect to the Tipped Subclass, Defendants unlawfully claimed a tip credit without satisfying all statutory requirements for taking a tip credit.

22.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great

expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d)  Whether Defendants properly notified Plaintiff and the Class members of their

hourly rate and overtime rate;

e)  Whether Defendants properly provided notice to members of the Tipped

Subclass that Defendants were taking a tip credit;

f)  Whether Defendants provided proper wage statements informing the Tipped

Subclass members of the amount of tip credit taken for each payment period,

their proper overtime rate of compensation and other information required to be

provided on wage statements, as required under the New York Labor Law;

g)  Whether Defendants established the tip payment structure for the Tipped

Subclass members;

h)  Whether Defendants took the proper amount of tip credit allowance under the

New York Labor Law;

i)  Whether Defendants required Tipped Subclass members to perform non-tipped

duties exceeding twenty percent (20%) of each workday;

j)  Whether Defendants established the tip payment structure for Class members

without the agreement or consent of the Class members;

k)  Whether Defendants provided to Plaintiff and Class members proper wage and

hour notices at date of hiring, per requirements of the New York Labor Law;

l)  Whether Defendants provided to Plaintiff and Class members proper wage

statements with each payment of wages as required by New York Labor Law;

m)  Whether Defendants paid Plaintiff and Class members overtime premium at one

and one half times their straight time base hourly rates for all hours worked in

excess of forty (40) each workweek;

8

n) Whether Defendants paid the "spread of hours" premium owed to Plaintiff and

Class members working more than ten hours per day as required by New York

Labor Law;

o) Whether Defendants required Plaintiff and Class members to perform unpaid

off-the-clock work; and

p) Whether Defendants paid Plaintiff and Tipped Subclass members the state

minimum wage for all hours worked.

## STATEMENT OF FACTS

26.     In or around March 2016, Plaintiff VICTOR GONZALEZ TAVERA was hired by

Defendants to work as a runner for Defendant's restaurant located at 18 Greenwich Avenue, New

York, NY 10011. In October of 2018, Plaintiff TAVERNA began working as a Barista and Juicer

at the same location. Plaintiff's employment by Defendants terminated in June 2019.

27.     During his employment by Defendants, Plaintiff worked on an as-needed basis at

Defendants' Claudette restaurant located at 24 Fifth Avenue, New York, NY 10011. Plaintiff

observed that employees were freely interchanged between Defendants' various restaurant

locations.

28.     During his employment by Defendants, Plaintiff worked over forty (40) hours per

week.

29.     From the beginning of Plaintiff's employment through October 2018, Plaintiff

worked two (2) days per week for six and a half (6½) hours per day, from 9:30 A.M. to 4:00 P.M.,

and three (3) days per week for seven (7) hours, from 4:00 P.M. to 11:00 P.M., for a total of thirty-

four (34) hours per week.

30.     From October 2018 to the end of Plaintiff's employment by Defendants, Plaintiff

worked four (4) days per week for nine (9) hours, from 7:00 A.M. to 2:00 P.M. as a barista, and

as a juicer from 2:00 P.M. to 4:00 P.M., one (1) day per week for five and a half (5½) hours as a buicer, from 11:00 A.M. to 4:30 P.M., and one (1) day per week for twelve (12) hours as a juicer, from 4:30 A.M. to 4:30 P.M., for a total of fifty-three and one half (53½) hours per week.

31.     Plaintiff and other employees had thirty (30) minutes deducted from their time automatically for a meal deduction every day, even though the workload required that two (2) times per week, Plaintiff and other employees would have to work through this time. Plaintiff and other employees were not paid for this off the clock work.

32.     From March 2016 through December 31, 2016, Plaintiff TAVERA received a base hourly rate of $5.00. From January 1, 2017 to December 31, 2017, Plaintiff TAVERA received a base hourly rate of $7.50. From January 1, 2018 to October 2018, Plaintiff TAVERA received a base hourly rate of $8.65. October 2018 through December 31, 2018, Plaintiff TAVERA received a base hourly rate of $8.65 for his work as a barista and $13.00 for his work as a juicer. From January 1, 2019 to January 31, 2019, Plaintiff TAVERA received a base hourly rate of $10.00 for his work as a barista and $15.00 for his work as a juicer. Other tipped employees received similar pay rates.

33.     From October 2018 through the termination of his employment by Defendants, Plaintiff worked a total of more than forty (40) hours each workweek. However, Defendants did not pay him overtime premium for all hours he worked in excess of forty (40) each workweek, due to a policy of time shaving.  Similarly, FLSA Collective Plaintiffs and Class Members were not paid all of their overtime premium for hours that they worked in excess of forty (40) each workweek.

34.     During Plaintiff's employment by Defendants, Defendants compensated Plaintiff at a "tip credit" minimum wage, which was at all relevant times below the New York State minimum wages. Similarly, Tipped Subclass members were paid at sub-minimum wage "tip

credit" base hourly rates. However, because Defendants failed to fulfill all requirements for a tip credit, all tip credits taken were invalid.

35.    Plaintiff and Tipped Subclass members did not receive notice that Defendants were claiming a tip credit on tipped employees' compensation.  They were never informed that Defendants were claiming a tip credit allowance. They also never received any notice on their wage statements of the amount of tip credit allowance taken for each payment period, or the hourly rate of tip credit deduction.

36.    Plaintiff and Tipped Subclass members were required to spend more than 20% of their working time, or more than two (2) hours per shift engaged in non-tipped activities. Specifically, Plaintiff, FLSA Collective Plaintiffs, and Tipped Subclass members were required to prepare food, sweep, mop, polish glasses/silver and do the porter's job, for more than 20% of their working time, or more than two (2) hours per shift.

37.    Throughout his employment by Defendants, Plaintiff was required to work shifts exceeding ten (10) hours in duration, but never received any spread of hours premium. Similarly, Class Members were frequently required to work shifts exceeding ten (10) hours in duration, but were never paid spread of hours premium.

38.    Defendants never provided Plaintiff with wage notices, as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with any wage notices.

39.    Defendants did not provide Plaintiff with proper wage statements at all relevant times. Class members also received defective wage statements that did not comply with the NYLL.

40.    Plaintiff, FLSA Collective Plaintiffs, and Class members were required by Defendants to perform unpaid off-the-clock work, resulting in unpaid wages and overtime premium.

41.     At no time during the relevant time periods did Defendants provide Plaintiff or Tipped Subclass Class members with wage notices or proper wage statements as required by NYLL. Defendants also failed to disclose the hourly rate of tip credit taken, or the amount of tip credit claimed in each pay period on the wage statements provided to Tipped Subclass Members.

42.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

43.     Plaintiff realleges and reavers Paragraphs 1 through 41 of this class and collective action Complaint as if fully set forth herein.

44.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

46.      At all relevant times, each of corporate defendants had gross annual revenues in excess of $500,000.00.

47.     At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and Tipped Subclass members for all hours worked. As factually described above, Defendants were not entitled to claim any tip credits under the FLSA.

12

48.     At all relevant times, Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all of their hours worked in excess of forty (40) hours per workweek, due to a policy of time shaving.

49.     Records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

51.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

52.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime premium, and an equal amount as liquidated damages.

53.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS

54.     Plaintiff realleges and reavers Paragraphs 1 through 52 of this class and collective action Complaint as if fully set forth herein.

55.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

56.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked.  As factually described above, Defendants were not entitled to claim any tip credits under NYLL with respect to the Tipped Subclass.

57.     Defendants willfully violated Plaintiff and Class members' rights by refusing to compensate them for off-the-clock hours during which they were required to work, including overtime hours;

58.     Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

59.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay them spread of hours premiums required by state law;

60.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

61.     Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

62.     Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wages, compensation for unpaid off-the-clock hours worked including overtime hours, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of damages to Plaintiff, retroactive to the date of his discharge and prior, for all lost wages and benefits, past and future, back and front pay, resulting from Defendants' unlawful employment practices and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

d.  An award of unpaid minimum wages due under the New York Labor Law;

e.  An award of unpaid compensation, including overtime compensation, due to Defendants' policy of requiring unpaid off-the-clock work under the FLSA and the New York Labor Law;

f.  An award of unpaid spread of hours premium due under the New York Labor Law;

g.  An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime premium, pursuant to 29 U.S.C. § 216;

15

i.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and wages for off-the-clock work including overtime hours, pursuant to the New York Labor Law;

j.   An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.   Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l.   Designation of this action as a class action pursuant to F.R.C.P. 23;

m.  Designation of Plaintiff as Representatives of Class; and

n.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  September 4, 2019

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*                .
      C.K. Lee (CL 4086)

16