UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/3/2020
```

VICTOR GONZALEZ TAVERA, *on behalf of himself, FLSA Collective Plaintiffs and the Class*,

Plaintiff,

v.

18 GREENWICH AVENUE, LLC d/b/a ROSEMARY'S, BOBO RESTAURANT LLC d/b/a BOBO, 24 5th AVE LLC d/b/a CLAUDETTE, and CARLOS SUAREZ,

Defendants.

No. 19-CV-08258 (SDA)

**ORDER GRANTING (1) PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVE'S SERVICE AWARD; AND (3) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

WHEREAS, the Parties entered into a final settlement totaling $750,000 in a Settlement Agreement and Release ("Settlement Agreement") (Lee 2/4/20 Decl. Ex. A, ECF No. 34-1); and

WHEREAS, on February 4, 2020, Plaintiff filed a motion for preliminary approval of the class settlement (Mot. for Prelim. Approval, ECF No. 32), which Defendants did not oppose; and

WHEREAS, on March 10, 2020, this Court entered an Order preliminarily approving the settlement, conditionally certifying the settlement class, appointing Lee Litigation Group, PLLC ("Lee Litigation Group") as Class Counsel, appointing Rust Consulting, Inc. ("Rust Consulting") as Settlement Administrator and authorizing notice to all class members (Preliminary Approval Order, ECF No. 40); and

WHEREAS, on July 10, 2020, Rust Consulting, on behalf of counsel for Plaintiff and counsel for Defendant, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), sent notices to the United States Attorney General and to the Attorneys General for all 23 states in which Class Members are current residents (Mills Decl., ECF No. 62-1, ¶¶ 4-5 & Ex. A); and

WHEREAS, on July 24, 2020, Plaintiff filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement (Motion for Final Approval, ECF No. 53), which Defendants did not oppose; and

WHEREAS, on July 24, 2020, Plaintiff also filed a Motion for Approval of Attorneys' Fees and Reimbursement of Expenses (Motion for Attorneys' Fees, ECF No. 58) and a Motion for a Service Award (Motion for Service Award, ECF No. 56), which Defendants did not oppose; and

WHEREAS, the Court held a fairness hearing on August 3, 2020, and no objections were lodged to the settlement, the service award or the attorneys' fees and expenses.[1]

NOW, THEREFORE, having considered the Motion for Final Approval, the Motion for Attorneys' Fees, the Motion for Service Award, the arguments presented at the August 3, 2020 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the August 3, 2020 fairness hearing, and for good cause shown, it is hereby ORDERED, ADJUDGED AND DECREED, as follows:

1.  Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Settlement Agreement.

2.  This Court has jurisdiction over the subject matter of this action and all matters relating thereto, and over all parties.

---

[1] On July 14, 2020, opt-out notices had been filed on behalf of six class members. (*See* Requests for Exclusion, ECF Nos. 45-50.)

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from members of the Class to such certification.

4. Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA settlement as fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

5. The Court confirms as final the appointment of Plaintiff Victor Gonzalez Tavera as representative of the Class.

6. The Court confirms as final the appointment of Lee Litigation Group as Class Counsel.

7. The Court finds that the requirements of CAFA have been satisfied.

8. The Court finds that the Notice distributed to class members pursuant to the Preliminary Approval Order was fair and adequate to apprise members of the Class of the settlement and that the process by which the Notice was distributed complies with all requirements, including constitutionally required due process. (*See* Mills Decl., ECF No. 60-2.)

9. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the Settlement Agreement. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on members of the Class who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order.

10. The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated

the merits of Plaintiff's claims through factual and legal investigation. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005).

11. The Court also finds that the settlement is substantively fair. All the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. Specifically, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the total settlement amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *See Grinnell*, 495 F.2d at 463.

12. The Court hereby grants Plaintiff's Motion for Attorneys' Fees and awards Class Counsel $250,000.00, which is approximately one-third of the Settlement Fund, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised; (E) a lodestar cross-check;[2] and (F) Class Counsel's recognized

---

[2] With respect to the lodestar cross-check, the Court finds that the hourly rates attributed to the timekeepers at Lee Litigation Group to be excessive, joining the "chorus" of other judges in the district having found so. *See Fisher v. SD Prot. Inc.*, No. 17-CV-02229 (RMB), 2020 WL 1685918, at *7 (S.D.N.Y. Apr. 7, 2020) (citations omitted). The Court also finds some of the hours billed by the Lee Litigation Group timekeepers to have been redundant and, in some cases, excessive. However, the multiplier as calculated based upon Lee Litigation Group's rates and hours was 2.5. (Attorneys' Fees Mem., ECF No. 59, at 20.) Even if the multiplier were doubled based upon a reduction in rates and hours, the Court is satisfied that the fee award is fair and reasonable. *See Pinzon v. Jony Food Corp.*, No. 18-CV-00105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) (awarding one-third fee award when lodestar multiplier was 5.23 in recognition of swift resolution of case).

experience and expertise in the market. *See Goldberger v. Integrated Res.*, 209 F.3d 43, 50 (2d Cir. 2000).

13.     The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $2,646.00, which are expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting this action. The attorneys' fees and the amount in reimbursement of litigation expenses shall be paid from the Settlement Fund.

14.     The Court approves and finds reasonable a service award for the named plaintiff, Victor Gonzalez Tavera ("Tavera"), in the amount of $7,500.00, in recognition of the services he rendered on behalf of the class.[3] This amount shall be paid from the Settlement Fund, subject to the terms of the Settlement Agreement.

---

[3] Tavera had requested a service award of $25,000.00, to be paid from the Settlement Fund. He had discussed the case with Class Counsel and assisted in settling the case, but he did not attend the mediation or the fairness hearing. For Tavera's assistance to class counsel and his willingness to accept what risks are attendant with being a named plaintiff, Tavera should receive some service award. However, the Court, in its discretion, reduces the amount of the service award to $7,500.00, which is commensurate with awards made in cases under similar circumstances. *See Gay v. Tri-Wire Eng'g Sols., Inc.*, No. 12-CV-02231 (KAM) (JO), 2014 WL 28640, at *13 (E.D.N.Y. Jan. 2, 2014) (recipient of $7,500 service award "provided detailed factual information regarding his job duties, the hours he worked, and his wages; participated in the discovery process, including preparing and reviewing discovery responses, attending a deposition of [defendant's] designee, and being deposed; was involved in settlement negotiations and the approval of terms of settlement; and answered questions from the other plaintiffs"); *see also James v. China Grill Mgmt., Inc.*, No. 18-CV-00455 (LGS), 2019 WL 1915298, at *3 (S.D.N.Y. Apr. 30, 2019) ($5,000 incentive award found to be "consistent with incentive awards authorized in similar cases in this Circuit"); *Sanchez v. JMP Ventures, L.L.C.*, No. 13-CV-07264 (GWG), 2015 WL 539506, at *5 (S.D.N.Y. Feb. 10, 2015) (reducing requested service award from $10,000 to $5,000). The efforts made by Tavera were far less than those made in prior cases where greater awards were made. *See, e.g., Manley v. Midan Rest. Inc.*, 14-CV-01693 (HBP), 2017 WL 1155916, at *13 (S.D.N.Y. Mar. 27, 2017) (recipient of $15,000 service award "initiated th[e] action and assisted counsel's investigation and prosecution of the claims by providing factual information, producing documents, reviewing defendants' document production, appearing for all depositions, responding to defendants' discovery requests, assisting with preparation for the mediation and attending the mediation").

15. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $34,373.00, which shall be paid out of the Settlement Fund, according to the terms of the Settlement Agreement.

16. The Court hereby fully and finally dismisses this action in its entirety and with prejudice. Neither Plaintiff nor Defendants to this action shall be considered a prevailing party or parties.

17. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement.

18. So as to comply with the CAFA requirements, this Order will be deemed effective as of October 8, 2020 (which is 90 days after the July 10, 2020 date that the CAFA notices were sent).

**SO ORDERED.**

Dated: New York, New York
August 3, 2020

_____
STEWART D. AARON
United States Magistrate Judge